JANETTE K. BRIMMER (WSB #41271)
jbrimmer@earthjustice.org
*[Pro Hac Vice Appearance Pending]*
Earthjustice
705 Second Avenue, Suite 203
Seattle, WA  98104
(206) 343-7340 | Phone
(206) 343-1526 | Fax

*Attorney for Plaintiffs*

ANDREW HAWLEY (OSB #091138)
hawleya@nedc.org
Northwest Environmental Defense Center
10015 S.W. Terwilliger Blvd.
Portland, OR  97219
(503) 768-6673 | Phone
(503) 768-6671 | Fax

*Local Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| NORTHWEST ENVIRONMENTAL DEFENSE CENTER, CENTER FOR BIOLOGICAL DIVERSITY, and NEIGHBORS FOR CLEAN AIR, | Civ. No. _____ |
| Plaintiffs, | COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND CIVIL PENALTIES |
| v. | Clean Air Act Enforcement Action, 42 U.S.C. § 7604 |
| CASCADE KELLY HOLDINGS LLC, d/b/a COLUMBIA PACIFIC BIO-REFINERY, and GLOBAL PARTNERS LP, | |
| Defendants. | |

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF AND CIVIL PENALTIES   - 1 -

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

INTRODUCTION

1.      This action is a Clean Air Act ("CAA") citizen suit against Cascade Kelly Holdings LLC (d/b/a Columbia Pacific Bio-Refinery) which is wholly-owned by Global Partners LP (collectively "Defendants") for commencing the operation of a bulk crude oil transloading facility located at 81200 Kallunki Road, Clatskanie, Oregon (the "Clatskanie oil terminal"), without first obtaining a preconstruction permit as required by the CAA, 42 U.S.C. § 7475.

2.      Defendants have constructed, commenced operating, and continue to operate the Clatskanie oil terminal on the Columbia River, bringing highly volatile crude oil from the Bakken oil play region of North Dakota ("Bakken crude") in tanker trains traveling down the Columbia River, offloading the oil into on-site storage tanks, and from there loading the oil onto barges in the river.

3.      Defendants' crude oil transloading operation moves multiple oil trains and barges through the facility resulting in the emission of air pollutants such as volatile organic compounds, nitrogen oxides, greenhouse gases, and a variety of hazardous air pollutants. Volatile organic compounds are a large part of the emissions because of the high volatility of Bakken crude.

4.      The CAA provides that a new source or a major modification of a source causing a significant increase in air pollution requires a prevention of significant deterioration ("PSD") permit containing stringent pollution control measures.  Defendants commenced bulk crude oil transloading at the Clatskanie oil terminal in 2012 without the proper PSD permit, loading over 300 million gallons of crude oil onto barges.  The crude oil transloading operation continues to date without the required PSD permit.

5.      Based upon the limited available information and current operations at the Clatskanie oil terminal, Defendants' new crude oil transloading operations are a major source of volatile organic compound air pollutants ("VOCs") (40 C.F.R. § 51.100(5) (definitions of VOCs)).  VOCs are a precursor for the formation of ozone, a pollutant with serious health effects

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF AND CIVIL PENALTIES   - 2 -

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

and a criteria pollutant under the CAA.  As such, VOCs are regulated pollutants subject to the permitting requirements referenced above.  40 C.F.R. § 52.21(b)(50).

6.      Because Defendants continue to transload large quantities of crude oil at the Clatskanie oil terminal, Defendants are and continue to be in violation of the CAA.  Section 304(a)(3), 42 U.S.C. § 7640(a)(3), of the CAA allows any person to bring suit against anyone who "proposes to construct or constructs any new or modified major emitting facility" without a major source permit under 42 U.S.C. § 7475.  This action seeks a declaration that the Clatskanie oil terminal requires a PSD permit prior to construction and operation, imposition of any appropriate penalty, and a preliminary and permanent injunction prohibiting further construction or operation of the Clatskanie oil terminal unless and until Defendants properly apply for and obtain a PSD permit under the CAA.

7.      This is a citizen enforcement action under 42 U.S.C. § 7604(a)(3) for penalties and injunctive relief.  Pursuant to section 7604(d), Plaintiffs may recover costs and fees as determined appropriate by the court.

JURISDICTION AND VENUE

8.      This court has subject matter jurisdiction over the claims set forth in this complaint pursuant to 42 U.S.C. § 7604(a)(3) and 28 U.S.C. §§ 2201 and 2202.

9.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims herein occurred in Columbia County Oregon in the District of Oregon and Defendants are conducting business there.

10.      No prior notice of this action is required, 42 U.S.C. § 7604(b).

11.      Pursuant to Local Rule 3-2(b), Divisional Venue is proper in the Portland Division because the property on which the facility is located is in Columbia County in the Portland Division and a substantial part of the events and omissions giving rise to Plaintiffs' claims also take place in the Portland Division.

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF AND CIVIL PENALTIES   - 3 -

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

PARTIES

12.     Plaintiff Northwest Environmental Defense Center ("NEDC") is a public, charitable non-profit organization incorporated under the laws of Oregon and recognized by the Internal Revenue Service as a tax-exempt organization under Section 501(c)(3).  NEDC's office is located at 10015 S.W. Terwilliger Boulevard, Portland, Oregon 97219.  NEDC works to protect the environment and natural resources of the Pacific Northwest by providing legal support to individuals and grassroots organizations with environmental concerns, and engaging in litigation independently or in conjunction with other environmental groups.  NEDC is regularly involved in efforts to maintain or enhance the air and water quality of the Pacific Northwest by serving as a watchdog over Oregon's Department of Environmental Quality, Washington's Department of Ecology, and each state's respective permitting processes.  Student volunteers regularly comment on proposals for new permits and permit modifications, monitor current permits in search of violations, and monitor sources of pollution to ensure compliance with permitting requirements.

13.     The Center for Biological Diversity ("Center") is a non-profit, public interest corporation with approximately 775,000 members and online activists, and offices in Portland, Oregon; San Francisco, California; and elsewhere in the United States.  The Center and its members are dedicated to protecting diverse native species and habitats through science, policy, education, and environmental law.  Fossil fuel extraction, transport, and use are having a profound impact upon native ecosystems and the species that depend upon them.  As a result, the Center tracks these operations and where necessary works to ensure that environmental laws are enforced in order to protect species, ecosystems, and the Center's members and local communities, and their enjoyment of the natural world.  The current boom in Bakken crude production and transport is a great concern to the Center and its members as the activities threaten air, water, and the biological diversity that is the focus of the Center's work.

14.     Neighbors for Clean Air ("NCA") is an Oregon non-profit environmental and

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF AND CIVIL PENALTIES   - 4 -

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

community organization based in Portland with approximately 1,500 members dedicated to creating a healthier Oregon through the reduction of air pollution, with a particular focus on hazardous air pollutants.  NCA works through community and legislative advocacy, education, monitoring, and as a regulatory watchdog to ensure that air pollution is monitored, and controlled or reduced, in accordance with applicable state and federal requirements.

15.     Plaintiffs have representational standing to bring this action.  Plaintiffs' members, staff, and volunteers live, work, recreate, and own property in the region affected by the Clatskanie oil terminal.  Defendants' violations of the Clean Air Act have adversely impacted Plaintiffs and Plaintiffs' members' health and ability to use areas in Oregon near the Clatskanie oil terminal and have injured and will injure the health, economic, recreational, environmental, aesthetic, and/or other interests of Plaintiffs and their members.  These injuries are fairly traceable to Defendants' violations and capable of redress by action of this Court.  Absent the relief requested herein, Defendants' violations of the CAA will continue to harm these interests as pollutants emitted at the Clatskanie oil terminal injure human health, fish and wildlife, vegetation, visibility, water quality, and property used by Plaintiffs and Plaintiffs' members.

16.     Plaintiffs have organizational standing to bring this action.  Plaintiffs have been actively engaged in a variety of educational and advocacy efforts to protect and improve air quality and to address sources of air pollution and climate change throughout the Pacific Northwest Region.  Defendants' failure to comply with the permitting requirements of the CAA by failing to apply for and obtain a preconstruction permit for the Clatskanie oil terminal, including the analysis and implementation of best available control technology required by the preconstruction permitting process, has adversely affected Plaintiffs.  These injuries are fairly traceable to Defendants' violations and redressable by this Court.

17.     Plaintiffs NEDC and the Center also work to curtail the flow of dangerous cargo such as volatile crude oil through environmentally sensitive areas like the Columbia Gorge.  Oil

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF AND CIVIL PENALTIES   - 5 -

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

trains carrying Bakken crude are of particular concern given the recent number of derailments and the risk those accidents pose to surrounding communities and the environment.

18.     Defendant Cascade Kelly Holdings, LLC is a limited liability company doing business as Columbia Pacific Bio-Refinery, located at 81200 Kallunki Road, Clatskanie, Oregon 97016.  Its corporate mailing address with the Oregon Secretary of State is 2311 East First Street, Vancouver, Washington 98661 with a registered agent in Portland.  Based upon statements on the Global Partners LP website and representations to the State of Oregon Department of Environmental Quality ("DEQ"), Cascade Kelly Holdings, LLC is owned by defendant Global Partners LP.

19.     Defendant Global Partners LP is a publicly traded master partnership, organized in the State of Delaware, with its executive offices at 800 South Street, Waltham, Massachusetts 02454-9161.  Global Partners LP represents on its website and investor materials that it owns the Clatskanie oil terminal at 81200 Kallunki Road.

LEGAL AND FACTUAL ALLEGATIONS

20.     The Clean Air Act ("CAA") is designed to protect and enhance the quality of the nation's air so as to promote the public health and welfare and the productive capacity of its population.  42 U.S.C. § 7401(b)(1).

21.     Pursuant to section 109 of the CAA, 42 U.S.C. § 7409, the U.S. Environmental Protection Agency ("EPA") has established National Ambient Air Quality Standards ("NAAQS") to protect human health and the environment.  NAAQS are established for criteria pollutants including sulfur dioxide, nitrogen oxides, particulate matter, carbon dioxide, and ozone.  40 C.F.R. pt. 50.  Certain other pollutants are also regulated by EPA by virtue of their character as precursors for or contributors to criteria pollutants, including volatile organic compounds ("VOCs").  40 C.F.R. § 52.21(b)(50)(i)(a).  VOCs are precursors for ozone.  *Id.*

22.     Nitrogen oxides and VOCs contribute to the production of ground level ozone

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF AND CIVIL PENALTIES   - 6 -

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

which in turn results in health problems in humans, including breathing constriction and lung damage in healthy individuals and dangerous aggravations of respiratory diseases such as asthma, emphysema, and chronic bronchitis.  VOCs can also be toxic in their own right.

23.     The CAA sets forth requirements for the prevention of significant deterioration of air quality in areas that have been designated as in attainment with NAAQS.  The prevention of significant deterioration requirements are designed to protect public health and welfare while also allowing economic growth in a manner consistent with the preservation of clean air that meets NAAQS and to assure that any decision to permit increased air pollution is made only after careful evaluation of all the consequences and after public participation in the decision-making process.  42 U.S.C. § 7470.

24.     As part of the prevention of significant deterioration requirements, the CAA prohibits the construction and operation of a "major emitting facility" in an attainment area unless the facility complies with permitting requirements of section 165, including the requirements that the facility apply for and obtain the prevention of significant deterioration ("PSD") permit prior to construction and operation, and that the facility install best available control technology ("BACT") for each regulated pollutant that is emitted from the facility, that the facility demonstrate that it will not cause or contribute to the violation of any applicable air-quality standard, and that the permitting process be subject to public review and comment. 42 U.S.C. § 7475(a); 42 C.F.R. §§ 52.21 and 51.166.

25.     The CAA defines a petroleum transport facility like the Clatskanie oil terminal that emits or has the potential to emit one hundred tons per year or more of certain air pollutants, such as VOCs, as a "major emitting facility."  42 U.S.C. § 7479(1).

26.     The CAA defines "construction" to include modification, 42 U.S.C. § 7479(2)(C), and "modification" is defined to include "any physical change in, or change in the method of operation of, a stationary source which increases the amount of any air pollutant emitted by such

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF AND CIVIL PENALTIES   - 7 -

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

a source or which results in the emission of any air pollutant not previously emitted." 42 U.S.C. § 7411(a)(4).

27.     Under EPA regulations, a major modification triggering PSD permitting requirements is defined as any physical change in or change in the method of operation that results in an increase in the source's potential to emit 40 tons per year of ozone precursors (VOCs and nitrogen oxides) and "any emission rate" increase of any "regulated NSR pollutant" not expressly listed in the governing regulations in an area not determined to be in non-attainment for that pollutant. 40 C.F.R. § 52.21(b)(23). "Regulated NSR pollutants" is defined as any pollutant that otherwise is subject to regulation under the Clean Air Act. 40 C.F.R. § 52.21(b)(50).

28.     A source can only avoid triggering PSD permitting obligations by (i) limiting the potential to emit the pollutant of concern to below the significance threshold by federally or otherwise practicably enforceable physical or operational limits or (ii) if the increased emissions of the pollutant of concern are offset by contemporaneous decreases in emissions of that pollutant, such that there is no significant net increase in emissions. 42 U.S.C. § 7503(c); 40 C.F.R. §§ 52.21 and 51.165.

29.     Cascade Kelly Holdings LLC acquired the ethanol manufacturing facility located at the Clatskanie oil terminal in 2010 when Cascade Grain Products, the former owner/operator of the ethanol facility fell into bankruptcy and ceased operation.

30.     Defendants have not operated the ethanol manufacturing facility and are not presently operating the ethanol manufacturing facility.

31.     Upon information and belief Defendants have also never transloaded ethanol at the Clatskanie oil terminal.

32.     In March 2012, Cascade Kelly Holdings installed a 192,000 gallon oil storage tank at the Clatskanie oil terminal.

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

33.    In July of 2012, Cascade Kelly Holdings indicated to Oregon DEQ that it intended to significantly increase the amount of oil it could and would move through the Clatskanie oil terminal.

34.    In response, Oregon DEQ informed Cascade Kelly that the nature of the proposed operations at the Clatskanie oil terminal fell under a different Standard Industrial Classification (SIC), was not related to the ethanol manufacturing facility, and would constitute a new source of air pollutants requiring a new air permit.

35.    In January 2013, Global Partners LP acquired all the membership interests of Cascade Kelly Holdings LLC.  In information on its website and information for investors, Global Partners LP states that it owns the Clatskanie oil terminal as part of its nationwide oil shipping operations.

36.    During 2013, Defendants did not operate the ethanol manufacturing facility and shipped no ethanol.

37.    Oregon DEQ has calculated that between November 30, 2012 and November 20, 2013, Defendants' records show that Defendants transloaded 294,495,585 gallons of crude oil through the Clatskanie oil terminal.

38.    In February 2013, Defendants replaced four pumps at the Clatskanie oil terminal to increase their ability to efficiently transload crude oil.

39.    Upon information and belief, Defendants continue to transload crude oil at the Clatskanie oil terminal.

40.    Oregon DEQ has commenced an enforcement action against Cascade Kelly Holdings LLC related to the transloading of oil at the Clatskanie oil terminal, including for operating the oil terminal without a permit.  Upon information and belief based upon statements by Global Partners, Cascade Kelly disputes the enforcement action.

41.    Defendants have not applied for or obtained a PSD permit, either prior to

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF AND CIVIL PENALTIES    - 9 -

beginning construction and/or operation of the Clatskanie oil terminal, or for the current and planned operation and phased construction of the Clatskanie oil terminal.

42.    Because Defendants did not apply for a prevention of significant deterioration permit, Defendants have failed to provide adequate and required information for assessment of pollutant emissions at the Clatskanie oil terminal.

43.    Defendants have applied to DEQ only for a minor source ACDP permit under state permitting requirements claiming it will "voluntarily" limit oil throughput at the Clatskanie oil terminal to 1.8396 billion gallons of crude oil per year.

44.    In the permit application materials submitted to Oregon DEQ, Defendants further state that the facility will have a capacity to transload 9.189 billion gallons of crude oil per year after the completion of construction.

45.    In the same materials, Defendants have indicated their intent to complete construction at the oil terminal with the addition of the following: four new 108,000-barrel (4.5 MMGal) internal floating roof storage tanks; two new 36,000 gallon closed-system process tanks; a vapor combustion unit (VCU); and pumps, piping, and other ancillary equipment to support the new tanks and VCU.

46.    Based upon the limited data submitted by Defendants, ongoing operations, and pollutant emissions, preliminary analysis shows that even at the capacity of 1.8396 billion gallons of crude oil per year, the Clatskanie oil terminal has the potential to emit well over the major source permit threshold of 100 tons per year of VOCs.

47.    There are currently no federally or otherwise practicably enforceable physical or operational limits on the oil transloading activities at the Clatskanie oil terminal.

48.    The Clatskanie oil terminal is therefore subject to the CAA's prevention of significant deterioration permitting requirements.

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF AND CIVIL PENALTIES    - 10 -

CAUSE OF ACTION

49.    Defendants' construction and operation of the Clatskanie oil terminal is a new federal major source of one or more pollutants regulated under the prevention of significant deterioration program.

50.    Alternatively, Defendants' operation of the Clatskanie oil terminal is a major modification that caused a significant increase in one or more pollutants regulated under the prevention of significant deterioration program.

51.    The CAA requires that Defendants, before commencing construction or operation of the Clatskanie oil terminal, apply for and receive a federal major source prevention of significant deterioration permit that properly discloses and accounts for all of the Clatskanie oil terminal's air emissions.

52.    The CAA further requires that Defendants, before commencing construction or operation of the Clatskanie oil terminal, apply for and receive a federal major source prevention of significant deterioration permit that properly analyzes and incorporates Best Available Control Technology for the Clatskanie oil terminal's air emissions.  42 U.S.C. § 7475(a); 40 C.F.R. §§ 52.21 and 51.166.

53.    Defendants have neither applied for nor received a federal major source prevention of significant deterioration permit for the Clatskanie oil terminal.

54.    Defendants have constructed and operated, continue to operate, and intend to continue to operate and further construct, the Clatskanie oil terminal without the required federal major source prevention of significant deterioration permit in violation of the CAA and federal regulations.

55.    Defendants have been and remain in violation of the Clean Air Act permitting requirements.

56.    Pursuant to 42 U.S.C. § 7604(a), the violation set forth above entitles Plaintiffs to injunctive relief and civil penalties for each day Defendants have operated and continue to

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF AND CIVIL PENALTIES    - 11 -

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

operate the Clatskanie oil terminal in violation of the CAA.

57.     Pursuant to 42 U.S.C. § 7604(d), Plaintiffs are also entitled to recover reasonable costs and fees.

PRAYER FOR RELIEF

WHEREFORE, based upon the allegations set forth above, Plaintiffs request relief from this Court as follows:

1.      An order declaring the Defendants Cascade Kelly Holdings LLC and Global Partners LP have violated and continue to violate the Clean Air Act by commencing construction and operation, and by continued operation of the Clatskanie oil terminal without a federal major source prevention of significant deterioration permit as required under section 165 of the Clean Air Act, 42 U.S.C. § 7475;

2.      An order enjoining Defendants from construction and operation of the Clatskanie oil terminal without a federal major source prevention of significant deterioration permit as required under section 165 of the Clean Air Act, 42 U.S.C. § 7475;

3.      An order assessing civil penalties against Defendants for up to $32,500 per day for each violation of the Clean Air Act and applicable regulations and allow $100,000 of the penalty amount to be used for beneficial remediation projects to enhance public health and the environment;

4.      Pursuant to 42 U.S.C. § 7604(d), an order awarding Plaintiffs their reasonable costs and attorneys' fees; and

5.      For such other and further relief as the Court deems just and equitable.

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF AND CIVIL PENALTIES   - 12 -

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

Respectfully submitted this 2nd day of July, 2014.

s/  Andrew Hawley
ANDREW HAWLEY (OSB #091138)
hawleya@nedc.org
Northwest Environmental Defense Center
10015 S.W. Terwilliger Blvd.
Portland, OR  97219
(503) 768-6726 | Phone
(503) 768-6671 | Fax

JANETTE K. BRIMMER (WSB #41271)
jbrimmer@earthjustice.org
*[Pro Hac Vice Appearance Pending]*
Earthjustice
705 Second Avenue, Suite 203
Seattle, WA  98104
(206) 343-7340 | Phone
(206) 343-1526 | Fax

*Attorneys for Plaintiffs Northwest Environmental Defense Center, Center for Biological Diversity, and Neighbors for Clean Air*

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF AND CIVIL PENALTIES   - 13 -

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*